{¶ 33} I agree with the majority's conclusion that the trial court properly granted a directed verdict on Appellant's claim for civil conspiracy. However, I disagree with the majority's conclusion that Appellant's claim for legal malpractice should have been submitted to a jury. Accordingly, I respectfully dissent from that analysis.
 {¶ 34} In its analysis, the majority first focuses upon the Macken deed itself. It is undisputed that this deed contains a block of text stating that it was prepared by Appellee. I cannot agree, however, that this block of typed text is probative of the authorship of the document.
 {¶ 35} In today's era of technology, this paragraph of text can be created with a few simple keystrokes. Moreover, with the prevalence of the internet in our society, the information contained in that block of text could be collected in a *Page 17 
matter of minutes. More troubling than the ease with which this block of text could be created is the appearance of the Macken deed's "Prepared By" block.
 {¶ 36} In his case in chief, Appellant introduced a mortgage deed prepared for the Jenkins and a warranty deed prepared for the Sauters. Notably, these deeds have "Prepared By" blocks of text which contain the same information as the Macken deed. However, the deeds admittedly prepared by Appellee for the Sauters and Jenkins also contain a file signature at the end of the "Prepared By" block of text. This signature indicates the electronic location of the saved deed. This file signature is lacking from the Macken deed. In addition, the appearance of the text in the Sauters' and Jenkins' deeds "Prepared By" blocks are identical, i.e., both blocks of text are in the same font. The Macken deed, however, utilizes an entirely different font. As such, I would find that the "Prepared By" supports Appellee's motion for directed verdict, rather than supporting reversal of the trial court's judgment.
 {¶ 37} Moreover, I believe that the majority's reliance on Attorney Collett's billing records is also misplaced. A full review of those billing notes indicates that Attorney Collett used specific names when performing specific tasks on behalf of KDR. The names of the Jenkins and the Sauters both appear in her billing notes. Notably absent from those notes is any mention of the name Macken. Accordingly, I find that the Attorney Collett's general billing notes are not probative of the authorship of the Macken deed. *Page 18 
 {¶ 38} Finally, I address Appellant's contention that Dodak's testimony from his deposition in a lawsuit filed by home buyers, the Rolens, contradicted his current testimony leaving a credibility issue for the jury. Dodak's testimony in the Rolens' case dealt with home buyers in Clayton's Pointe, a class to which Appellant does not belong. Moreover, Dodak's answers revealed that he had limited knowledge about the legal aspects related to Clayton's Pointe, but that as far as he was aware, Appellee prepared the legal filings for the home owners. As Dodak's answers dealt with a distinct class of individuals and were limited to his personal knowledge, of which he had little, I would conclude that his current, specific testimony was not contradictory.
 {¶ 39} I would find, therefore, that the evidence presented to the trial court was one-sided. Dodak, Krcal, and Collett testified that Appellee was not involved in the preparation of the Macken deed. A letter written by Dodak to Krcal dated March 3, 2002, indicates that Appellee was not involved in the preparation of the Macken deed. Finally, the dissimilarities between the Macken deed and deeds which Appellee admittedly prepared are apparent on the face of the documents. Accordingly, I would find that Appellee introduced no probative evidence to support his claim for legal malpractice and I would affirm the trial court's grant of directed verdict on that claim as well. *Page 1